# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Universal North America Insurance Company,

    Plaintiff

v.

Wendy Colosi, et al.,

    Defendants

Case No.: 2:17-cv-00113-JAD-GWF

**Amended\***
**Order Granting**
**Summary Judgment**

[ECF Nos. 30, 39, 40]

    In this coverage suit, Universal North America Insurance Company seeks a declaration that it is not obligated to defend or indemnify its insureds, defendants Victor and Wendy Colosi and their son Nicholas, in a state-court tort action arising out of a high-school house party that Nicholas attended.[1] In cross-motions, Universal seeks complete summary judgment in its favor, and the Colosis ask me to find that Universal has a duty to defend, but that the undeveloped record in the state-court case leaves fact issues that preclude summary judgment on the insurer's duty to indemnify. The Colosis also ask me to stay this case until the state-court matter concludes. But the complaint in the state-court action alleges an injury arising from physical abuse and sexual molestation, and Universal's insurance policy expressly excludes coverage for such an injury. So, I find that Universal has no duty to defend or indemnify the Colosis in the underlying state action, grant Universal's motion for summary judgment, deny the Colosis' counter motion, and close this case.

## Background

    In 2013, then 17-year old Marilyn Kennedy attended a house party with other unsupervised high schoolers. At some point, she fell asleep and woke up to learn that someone had moved her clothing and taken a lighter to her genital region. Kennedy alleges that she "was informed by others attending the party that she had been burned with a lighter by" two boys—

---

[1] ECF No. 1.

\*This order has been amended only to supply the citations inadvertently missing from footnotes 12 and 13 of the original version. No other changes were made.

one of whom was Nicholas Colosi. The assault was captured on a cell phone and broadcast over social media.

Kennedy filed a lawsuit in Nevada state court against Nicholas and others for her injuries, and she also sues Nicholas's parents for negligent supervision of their son. The Colosis submitted the suit to their homeowner's insurance provider, Universal, and demanded that it indemnify and defend all three of them. Universal accepted the defense under a reservation of rights and then filed this action for a declaration that the Colosis' policy does not cover Kennedy's suit.

Universal moves for summary judgment, arguing, among other things, that the policy expressly excludes coverage for injuries "arising out of" physical abuse or sexual molestation regardless of who—an insured or an uninsured—inflicted the injury.[2] Kennedy contends that this exclusion is ambiguous because it fails to define "sexual molestation," or "physical abuse" and that this ambiguity should be resolved against Universal.[3] The Colosis parrot Kennedy's ambiguity argument.[4] Because I find the exclusion unambiguous and its application here clear, I grant summary judgment for Universal.

## Discussion

**A.      Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law."[5] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[6] If reasonable minds could differ

---

[2] ECF Nos. 30, 44, 46.

[3] *Id.*

[4] ECF No. 38.

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

2

on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[7]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[9]

**B.  Universal has no duty to defend or indemnify the Colosis because their policy expressly excludes coverage for the type of injury that Kennedy suffered.**

The Colosis' homeowner policy covers them "If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' . . . caused by an 'occurrence' . . . ."[10] But the policy contains various express exclusions that limit the scope of that coverage. Exclusion 7 states that this coverage does "not apply to" "'[b]odily injury' . . . arising out of sexual molestation, corporal punishment or physical or mental abuse."[11] Universal contends that this exclusion applies here and absolves it of the duty to defend or indemnify because Kennedy's injury is squarely the type excluded by this policy provision.[12] The Colosis and Kennedy argue that this provision is ambiguous because the policy does not define these terms, so the court should construe them against Universal.[13]

---

[7] *Warren v. City of Carlsband*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Mortocycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[9] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[10] ECF No. 32-1 at 20 (Section II (A), Coverage E – Personal Liability).

[11] *Id.* at 22 (Section II (E)(7)).

[12] ECF No. 30 at 10–14.

[13] ECF Nos. 35 at 9–15; 38 at 26, n.27.

3

But these terms are not ambiguous. Because they are not defined, I must interpret them according to their "plain and ordinary meaning from the viewpoint of one not trained in the law"[14] This is not difficult. "Sexual molestation" is generally understood to be an intentional, lewd or lascivious act performed by one person to another without consent.[15] And "physical abuse" is generally understood to be an intentional act that causes physical injury to the victim.[16]

Applying the plain-language terms of this exclusion to the facts of this case leads to just one conclusion: Kennedy's injury arises from sexual molestation or physical abuse, so the Colosis' policy affords no coverage for Kennedy's lawsuit. No reasonable person could conclude that taking a lighter to an unconscious person's body is not "physical abuse" under the plain and ordinary meaning of that term. And because the area targeted was Kennedy's pelvic region, the injury likely also qualifies as one "arising out of sexual molestation," too. So, I find that Kennedy's injury falls (in one or more ways) into the class of injuries that Universal expressly excluded from coverage under the Colosis' policy.

Because this exclusion so clearly applies, Universal has no duty to defend or indemnify the Colosis in or for Kennedy's lawsuit. "An insurer bears a duty to defend its insured whenever it ascertains facts [that] give rise to the potential of liability under the policy."[17] "A potential for coverage only exists when there is arguable or possible coverage."[18] This potential is determined by "comparing the allegations of the complaint" and other facts known to the insurer

---

[14] NEV. REV. STAT. § 412.5485(b); *United National Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1156–57 (Nev. 2004).

[15] *See* NEV. REV. STAT. § 201.230 (requiring a willful lewd or lascivious act); *Findley v. State*, 577 P.2d 867 (Nev. 1978) (prosecuting an adult male under NRS 201.230 for molesting a five-year-old girl by placing his hand on her genitals).

[16] *See* NEV. REV. STAT. § 200.508 (requiring a willful act that results in unjustifiable physical injury).

[17] *United National Ins. Co. v. Frontier Ins. Co.*, 99 P.3d at 1158 (quotations and internal citations omitted).

[18] *Id.* (internal citations omitted).

"with the terms of the policy."[19] The duty to indemnify is narrower than the duty to defend.[20] So, if an insurer has no duty to defend its insureds, then it has no duty to indemnify them either. An exclusion bars coverage when (1) the insurer has written it "in obvious and unambiguous language in the policy," (2) "the interpretation excluding covering under the exclusions is the only interpretation of the exclusion that could fairly be made," and (3) the exclusion "clearly applies" to the particular case.[21]

The breadth and clear application of this obvious and unambiguous exclusion in this case eliminates the potential that Kennedy's claims are covered under the Colosis' policy. So, Universal has no duty to defend or indemnify the Colosis for Kennedy's claims. And because this exclusion applies to all claims arising out of the specific type of injury that Kennedy suffered—the nature of which nobody disputes—it does not matter that the record of who caused the injury is unsettled or that Nicholas denies any involvement in it. It is the nature of the injury, not the conduct or intent behind the conduct that led to it, that triggers the exclusion.

Kennedy and the Colosis argue that the sexual-molestation exclusion requires specific intent, and they rely on *Allstate Insurance Company v. Jack S and Michael V.*[22] for this proposition.[23] But *Allstate* is materially distinguishable. The *Allstate* court addressed an exclusion for "bodily injury or property damage intentionally caused by an insured person."[24] The *Allstate* policy was specific and narrow; it excluded only the acts of an insured person and only those acts that were intentional. In stark contrast, Universal's sexual-molestation and

---

[19] *See id.* (internal citations omitted); *Reese v. Traveler's Ins. Co.*, 129 F.3d 1056, 1060 (9th Cir. 1997).

[20] *Id.*

[21] *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011). The Nevada Supreme Court has also recognized that "Insurance companies generally may exclude coverage for intentional acts as a means of limiting their liability and deterring wrongful conduct," and that sexual-molestation exclusions do not offend public policy. *See Rivera v. Nev. Med. Liability Ins. Co.*, 814 P.2d 71, 74 (Nev. 1991).

[22] *Allstate Ins. Co. v. Jack S and Michael V.*, 709 F. Supp. 963 (D. Nev. 1989).

[23] *See* ECF No. 35 at 13–15.

[24] *Allstate*, 709 F. Supp. at 964.

physical-abuse exclusion is general and broad, excluding an entire class of injuries from coverage regardless of who inflicted them or what their intent was.

More analogous and instructive is *American Family Mutual Insurance Company v. Taylor*, cited by Universal.[25] Taylor, a minor, was sued for "heinous acts of sexual assault" against another boy,[26] and the victim also sued Taylor's parents for negligence, strict liability, and negligent entrustment.[27] Taylor's parents demanded that their homeowner's insurance carrier defend and indemnify them. The insurer filed a declaratory-relief action, invoking the policy's sexual-molestation and physical-abuse exclusion, which—similar to the Colosis' Universal policy—provided: "We will not cover bodily injury . . . arising out of or resulting from any actual or alleged: (a) sexual molestation or contact; (b) corporal punishment; or (c) physical or mental abuse of a person[.]"[28]

The *Taylor* court recognized that "[a]ll of the claims against the Taylors raised in the Underlying Lawsuit [were] premised on the 'heinous acts of sexual assault' allegedly committed by (John Doe) Taylor."[29] And because "heinous acts of sexual assault" qualified as both physical abuse and sexual molestation or contact, the court found that "there [was] not even potential for liability under the Policy, [and] the Insurer [had] no duty to defend or indemnify the Taylors in the Underlying Lawsuit."[30]

*Taylor* is in accord with other cases interpreting and applying similar exclusions.[31] For example, in *Safeco Insurance Company v. Thomas*, minor Myles-Hendricks was sued for

---

[25] *See* ECF No. 30 at 11.

[26] *Am. Family Mut. Ins. Co. v. Taylor*, 2015 WL 8664225 (D. Nev. Dec. 11, 2015).

[27] *Id.* at *1.

[28] *Id.* at *1–*2.

[29] *Id.* at *3.

[30] *Id.*

[31] *See Safeco Ins. Co. v. Thomas*, 2013 WL 12123852 (S.D. Cal. Nov. 26, 2013); *see also Liberty Mut. Fire Ins. Co. v. Shaibaz S.*, 2017 WL 2118312 (N.D. Cal. May 16, 2017); *Travelers Indem. Co. of Am. v. Isom*, 2014 WL 1092542 (D. Ariz. Mar. 20, 2014).

6

sexually molesting another minor, Davis, while inside Thomas's home.[32] Thomas filed a claim under her homeowner's insurance policy, and Safeco sought a declaration in federal court that Davis's injuries were not covered because the policy excluded bodily injury "arising out of physical or mental abuse, sexual molestation or sexual harassment."[33] The district court found that the provision was broad, but not ambiguous, and that it excluded "an entire category of injury" "no matter who committed the act."[34] Thus, the court held that Safeco had no duty to defend Thomas because the claims against Thomas would not have been brought but for Davis's excluded injuries: "Given the ordinary and generally accepted understanding of the 'arising out of' language, the nature of Davis'[s] injuries, and the conduct from the respective remaining Defendants, coverage is excluded."[35]

I find these cases persuasive, and I adopt their reasoning here. The plain and unambiguous language of the Colosis' Universal's policy excludes coverage for injuries arising out of sexual molestation and physical abuse, no matter who inflicted the injury, or what the nature of the claim is. Though much remains unsettled about the events that led to Kennedy's injury, the nature of the injury itself is undisputed: somebody burned her genital area with a lighter while she lay unconscious. Or, as she describes in her second cause of action, "Colosi [and others] committed a sexual battery on [her] with deliberate intent to make harmful and offensive conduct by lifting her shorts when she was not awake and lighting her genital region on fire with a lighter and video recording their horrific acts." That injury plainly qualifies as one arising from physical abuse or sexual molestation, as those terms are commonly understood.

---

[32] *Safeco Ins. Co. v. Thomas*, 2013 WL 12123852, at *1 (S.D. Cal. Nov. 26, 2013).

[33] *Id.* at *2.

[34] *Id.* at *5.

[35] *Id.* (citing *Northland Ins. Co. v. Briones*, 81 Cal. App. 4th 796, 810 (Cal. Ct. App. 2000) (finding an exclusion for injuries arising from sexual molestation to apply whether damages arise from an insured's act or failure to act); *Flores v. AMCO Ins. Co.*, 2007 WL 3408255, at *8 (E.D. Cal. Nov. 15, 2007) ("sexual molestation exclusion is not ambiguous because it lacks reference to whom commits . . . absence of such a reference reflects that the sexual molestation exclusion applies to anyone (insured or not) who engaged in such conduct.")).

1 And because Kennedy would have no claims against the Colosi parents but for her genital burns, the claims against them necessarily arise out of the excluded injury, too. So, I find that Kennedy's claims are entirely excluded from coverage under the Colosis' Universal's policy. Because Universal has no potential for liability in the underlying state action, it has no duty to defend or indemnify the Colosis for Kennedy's state-court claims.[36] I thus grant summary judgment in favor of Universal and against the defendants and deny the Colosis' countermotion for partial summary judgment and to stay this case pending the conclusion of Kennedy's state-court action.

**D.     Motion to strike [ECF No. 40]**

The Colosis ask me to strike or disregard Nicholas's juvenile-court record.[37] NRS 62H.170(1)(a) provides that "[a]ll proceedings recounted in [sealed juvenile] records are deemed never to have occurred."[38] I find that this statute affords good cause to disregard any reference to Nicholas's juvenile-court proceedings. So, I did not consider that record when deciding these motions.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Universal's motion for summary judgment **[ECF No. 30] is GRANTED**, and the Colosis' motion for partial summary judgment, or in the alternative, to stay proceedings **[ECF No. 39] is DENIED**.

IT IS FURTHER ORDERED that the Colosis' motion to strike/objection to reference to juvenile-court proceedings **[ECF No. 40] is GRANTED**. The court did not consider any information related to juvenile-court proceedings in deciding these motions.

The Clerk of Court is directed to **ENTER JUDGMENT in favor of the plaintiff and against the defendants on all claims. That judgment must include the declaration that IT**

---

[36] The molestation-or-abuse exclusion applies because of the nature of the injury, which is undisputed. Because this broad and ambiguous exclusion is dispositive, I do not reach the parties' remaining arguments.

[37] ECF No. 40.

[38] NEV. REV. STAT. § 62H.170(1)(a).

**IS HEREBY DECLARED that Universal has no duty under policy number NVVH0000022865-0 to defend or indemnify Wendy, Victor, or Nicholas Colosi from or for the claims in** *Kennedy v. Collins et. al*, **Eighth Judicial District Court Case No. A-16-740381-C.**

The **Clerk of Court** is directed to then **CLOSE THIS CASE**.

Dated: March 27, 2018

Amended July 20, 2018.

_____
U.S. District Judge Jennifer A. Dorsey